Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOSE URQUIDI,                                              )                  No. 08-05-00080-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  168th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20040D04951)

O P I N I O N

            Jose Urquidi appeals his conviction of driving while intoxicated, third offense. A jury found
Appellant guilty and assessed his punishment at imprisonment for a term of three years. We affirm.
FACTUAL SUMMARY
            Raul Moreno, a tow-truck driver, was stopped at a red light while traveling northbound on
Cotton Street in central El Paso. When the light turned green, Moreno did not immediately pull into
the intersection of Cotton and Missouri because he saw a vehicle traveling westbound on Missouri
and the vehicle did not appear as if it would stop at the red light. The vehicle then ran the red light
and Moreno turned to follow it. The vehicle occupied both lanes before running into the guardrail
and rolling over. Moreno blocked the road with his tow truck to prevent another accident. Moreno
assisted the driver, whom he identified as Appellant. Appellant immediately protested to Moreno
that he was not drunk, but Moreno observed that Appellant smelled “big time” of alcohol, he
stuttered when he talked, and his balance was poor. Additionally, Moreno saw both empty and full
containers of beer in and around the wrecked vehicle. Based upon his observations and experience
in being around intoxicated persons, Moreno concluded that Appellant was “drunk”. 
            Juan Garcia, who is assigned to the DWI task force, arrived at the scene of the single-vehicle
accident and began investigating. Appellant was disoriented, had extremely poor balance, and his
eyes were red and bloodshot. His breath had a strong odor of alcohol and his speech was slow,
slurred, and hard to comprehend. Garcia also noticed that Appellant had a wet spot around his groin. 
Appellant refused to perform the horizontal gaze nystagmus test or any of the field sobriety tests and
he also refused to submit a specimen of his breath for testing. Based upon his observations, Garcia
determined that Appellant was intoxicated because he had lost the normal use of his mental and
physical faculties due to the introduction of alcohol into his body. Consequently, Garcia arrested
Appellant for driving while intoxicated. While transporting Appellant to the Central Regional
Command Center, Garcia could smell the odor of alcohol and urine emanating from Appellant’s
person. 
            Garcia later transported Appellant to an emergency room based on a complaint of abdominal
pain. Dr. Alan L. Carpenter, an emergency room physician, examined Appellant and ordered a
number of tests, including x-rays, a drug screen and a blood alcohol test. Dr. Carpenter based his
conclusion on his observations of Appellant but he noted that the blood tests supported his
conclusion. Initially, the trial court admitted Appellant’s medical records into evidence as State’s
Exhibit 5, but indicated it would not allow the jury to view the records until after the court had
considered Appellant’s objections that the chain of custody had not been established and the blood
test had not been shown to be reliable. The trial court’s ruling on these objections is not found in
the record but the court ultimately admitted the medical records (State’s Exhibit 6) with the blood
alcohol results redacted. 
            Although the indictment alleged both definitions of intoxication, namely, that Appellant had
lost the normal use of his mental and physical faculties, and that his alcohol concentration was .08
or more, the trial court submitted only the loss of normal use definition to the jury. The jury found
Appellant guilty under the loss of normal use definition of intoxication.
ADMISSION OF BLOOD TEST RESULTS
            In Issues One through Seven, Appellant raises the following challenges to the alleged
admission of the blood test results: (1) no Daubert


 finding; (2) no chain of custody; (3) hearsay;
(4) denial of right to cross-examination under Texas Constitution; (5) denial of right to confront
under Texas Constitution; (6) denial of right to cross-examine under U.S. Constitution; and (7)
denial of right of confrontation under U.S. Constitution. We understand Appellant’s complaint to
be directed at the admission of Appellant’s medical records and a statement made by the prosecutor
during his opening statement. In its reply, the State asserts that the blood test results were never
admitted into evidence, and consequently, there is nothing to review on appeal. Additionally, the
State argues that Appellant failed to preserve error because the record does not reflect that he raised
these arguments in the trial court or that he obtained an adverse ruling on each complaint.
            In order to present a complaint on appeal, the record must show that Appellant made a timely
and specific objection and the trial court made an adverse ruling. See Tex.R.App.P. 33.1(a). While
Appellant raised certain objections to the admission of the medical records insofar as they contained
the blood test results, the trial court apparently sustained at least one of those objections and did not
admit the blood test results into evidence. Thus, the State is correct that the trial court excluded the
blood test results from the jury’s consideration. Additionally, Appellant did not object during the
State’s opening argument when the prosecutor informed the jury that he believed the evidence would
show Appellant’s blood alcohol to be .196 based on a blood alcohol test. We conclude that
Appellant failed to preserve error with respect to the issues raised on appeal. Issues One through
Seven are overruled.
BACK DOOR HEARSAY
            In Issues Eight through Thirteen, Appellant contends that the trial court abused its discretion
by admitting “back door hearsay” when Dr. Carpenter testified that the blood tests supported his
conclusion that Appellant was intoxicated. Appellant raised only a “bolstering” objection when the
State asked Dr. Carpenter whether the blood test results supported his conclusion that Appellant was
intoxicated. Appellant’s bolstering objection is insufficient to preserve his complaint that Dr.
Carpenter’s testimony constituted hearsay. See Williams v. State, 927 S.W.2d 752, 763 (Tex.App.--El Paso 1996, pet. ref’d)(“bolstering” objection does not preserve for review a contention that
evidence is inadmissible as a prior consistent statement). When the complaint on appeal differs from
that made at trial, the error is waived. See Cook v. State, 858 S.W.2d 467, 474 (Tex.Crim.App.
1993). Because Appellant has waived any argument that Dr. Carpenter’s testimony constituted
inadmissible hearsay, we overrule Issues Eight through Thirteen. Having overruled all thirteen
issues, we affirm the judgment of the trial court.
August 29, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)